UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CIV-ZLOCH**

THE RUGGED FOOTWEAR COMPANY,
INC., a Florida corporation,

CASE NO.: **98-6172**

Plaintiffs,

vs.

**VERIFIED COMPLAINT**

GLOBAL SPORTS, INC., and KPR
SPORTS INTERNATIONAL, INC.,
Defendants.

_____/

Plaintiff, the Rugged Footwear Company, Inc. (hereinafter referred to as "Rugged Footwear

Company") sues Defendants, Global Sports, Inc. ("Global") and  KPR Sports International,

Inc.(hereinafter referred to as "KPR") (collectively "Defendants"), and as grounds therefore states:

## NATURE AND BASIS OF THE ACTION

1.      This is an action arising under § 43(a) of the Trademark Act of 1946, 15 U.S.C.

§ 1125(a), and unfair competition under both the Florida Deceptive and Unfair Trade Practices Act

(the "Act"), § 501.201 Florida Statutes (1997), and common law.  Plaintiff seeks both equitable

relief, including a temporary restraining order and preliminary injunction, and money damages.

## PARTIES

2.      Plaintiff Rugged Footwear Company  is a company duly organized and existing under

the laws of the State of Florida for the purpose of, among other things, marketing and selling

footwear that combines outdoor performance with workboot specifications.  Rugged Footwear

Company's principal place of business is 4701 North Federal Highway, Lighthouse Point, Florida.

-1-



3. Upon information and belief, in December 1997, Defendant GLOBAL, a Delaware corporation, became the duly organized corporate parent of Defendant KPR. Defendant GLOBAL, through its subsidiary KPR, has transacted and conducted business in this judicial district and is subject to the jurisdiction of this Court.

4. KPR is a corporation duly organized and existing under the laws of the State of Pennsylvania for the purpose or marketing footwear, including but not limited to a line of footwear manufactured and marketed under the name "Yukon". KPR's principle place of business is in King of Prussia, Pennsylvania. KPR has transacted and conducted business in this judicial district and is subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 and pursuant to 28 U.S.C. §§ 1331 and 1338, because this case arises under the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.*, as set forth more fully herein. This Court has jurisdiction over Plaintiff's unfair competition claims pursuant to 28 U.S.C. §1338 and the doctrine of supplemental jurisdiction, because said claims are joined with substantial and related claims under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 *et seq.*

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS GIVING RISE TO THIS ACTION

7. Rugged Footwear Company was organized in Florida in 1993. Rugged Footwear Company was established to source, market and distribute footwear that combines outdoor performance with workbook specifications throughout its entire line. Rugged Footwear Company's footwear are manufactured to the highest specifications and are designed for, among others, sports

-2-

hikers and workers who are looking for lightweight, durable, high performance footwear. Rugged Footwear Company has been sourcing, marketing and selling the products under the "Rugged Footwear Company" name continually since the Company's inception in 1993.

8.      Through hard work and dedication, Rugged Footwear Company  has flourished. Rugged Footwear Company  has grown to the point that it currently projects $10 Million FOB Hong Kong in gross sales for 1998.  At prices charged to distributors, this equates to $30 Million in retail sales, and equals approximately 35,000 pair of footwear per month.  Rugged Footwear Company's products span the spectrum of infants, kids and adult footwear markets.  Rugged Footwear Company handles its styling and graphic design in-house.   Rugged Footwear Company's owner, Jonathan Werman, has been awarded numerous design patents for his creative work in developing the Rugged Footwear Company line.  Further, Rugged Footwear Company has registered several trademarks worldwide bearing the "Rugged" name and logo. Rugged Footwear Company  has invested significant resources in advertising and marketing efforts to position the company in the footwear industry under the name "Rugged Footwear Company."

9.      Rugged Footwear Company's expenditures for advertising for the past three fiscal years are as follows:

        In 1995, Rugged Footwear Company spent $136,724.03 on advertising;

        In 1996, Rugged Footwear Company  spent $45,593.13 on advertising;

        In 1997, Rugged Footwear Company  spent $58,853.36 on advertising.

In addition to these expenditures for advertising, the various distributors for Rugged Footwear Company have expended hundreds of thousands of dollars in advertising each year in their territories.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
200 EAST BROWARD BOULEVARD, SUITE 1900, FT. LAUDERDALE, FLORIDA 33301  •  TELEPHONE (954) 462-9500

10.     In addition to the many proprietary designs which have been registered, Rugged Footwear Company  has developed logos, a distinctive box motif, sole design, and similar identifying marks.  The Rugged Footwear Company line has become identifiable and consistently unique in the footwear marketplace.   The Rugged Footwear Company  has made every effort to protect its intellectual property in every country in which it does business to the fullest extent permitted by law.  The Rugged Footwear Company markets and distributes its products under the Rugged Footwear Company name in the following countries: New Zealand, Australia, Taiwan, Hong Kong, Nepal, Saudi Arabia, Russia, Italy, Germany, France, Portugal, Denmark, Ireland, England, Scotland, Chile, Argentina, Peru, Columbia,  Brazil, Venezuela, Costa Rica, Canada and the United States.

11.     Defendants have profited and benefitted from consumer recognition of the "Rugged Footwear Company" name.  In the early part of 1995, Defendants began purchasing discontinued models of Rugged Footwear Company  product, called "close-outs" and reselling them at a profit. In the course of their business dealings with Rugged Footwear Company,  Defendants and Michael Rubin, then President of KPR,  became acutely aware of the value and significance associated with the "Rugged Footwear Company" name throughout the marketplace.  Rugged Footwear Company and Defendants have since discontinued their business relations.

12.     Since ending their business relationship with Rugged Footwear Company, Defendants have created an outdoor footwear line of their own under the name "Yukon" in an effort to enter the outdoor footwear and workboot market in competition with Rugged Footwear Company.

13.     Recently, it has come to the attention of Rugged Footwear Company through numerous complaints of its distributors and customers alike, that wide confusion among consumers

-4-

in the footwear industry is occurring as a result of Defendants' use of the slogan "Yukon, the new rugged footwear company." Defendants are currently proclaiming their Yukon footwear division "the new rugged footwear company" in numerous ads placed in several trade publications and as part of their catalog. Copies of such ads are attached hereto as Composite Exhibit "A". Further, at a recent footwear trade "super show" in Atlanta, Georgia, Defendants's prominently displayed a banner across the top of their exposition site declaring "Yukon" the new rugged footwear company. Defendants' appropriation of the "Rugged Footwear Company" name is creating a confusion and concern in the industry marketplace. As a result of Defendants' actions, retailers are confused as to the manufacturer and origin of the Yukon product line. Defendants, by labeling its "Yukon" product line, "the new rugged footwear company", have intentionally created the impression that its "Yukon" products are somehow affiliated with, associated with, successor to or manufactured by Rugged Footwear Company in order to capitalize on the goodwill associated with the Rugged Footwear Company name, and mislead consumers as to the origin and manufacturer of the "Yukon" product line.

14. Rugged Footwear Company has suffered irreparable harm and damage to its goodwill and business reputation as a direct result of Defendants' widespread marketing of its "Yukon" product line, as "the new rugged footwear company."

**COUNT ONE**

**Violation of §43(a) of the Lanham Act**

15. Plaintiff incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 14 above.

-5-

16.   The distinctive name "Rugged Footwear Company" constitutes a well-established industry name created and nurtured by Rugged Footwear Company as an identifying label indicating that Rugged Footwear Company is the originator of the products marketed and sold under that name as well as indicating the Rugged Footwear Company is the guarantor of the quality of its products. Rugged Footwear Company products are available throughout the global marketplace and retailers and customers alike have come to hold products bearing the "Rugged Footwear Company" name in high regard as being sponsored, approved, and authorized by Rugged Footwear Company, Inc., a source with a widely known reputation for quality and performance.

17.   As described above, Defendants, in distributing, advertising, promoting, and/or offering for sale in interstate commerce their "Yukon" products as "the new rugged footwear company", have deliberately attempted to "palm" or "pass off" "Yukon" products as being affiliated with, associated with, successor to, or manufactured by the "Rugged Footwear Company." Defendants have embarked on a widespread marketing campaign to advertise and promote their "Yukon" products as "the new rugged footwear company." Defendants' deliberate efforts to pass their "Yukon" product line off as associated with, affiliated with, successor to or manufactured by Rugged Footwear Company, Inc. are resulting in widespread confusion as to the origin and manufacturer of the "Yukon" product line and are infringing on Rugged Footwear Company's rights in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051-1127, and more particularly § 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a). As a direct result, Defendants have, and will continue to, improperly profit while causing Rugged Footwear Company significant damage and irreparable harm to its business reputation and goodwill.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
200 EAST BROWARD BOULEVARD, SUITE 1900, FT. LAUDERDALE, FLORIDA 33301   •   TELEPHONE (954) 462-9500

18.     Defendants' conduct has caused and will continue to cause irreparable injury to Rugged Footwear Company and to the goodwill associated with the "Rugged Footwear Company" name.   Rugged Footwear Company   has no adequate remedy at law and will continue to be irreparably injured unless and until Defendants' conduct is enjoined by this Court.

## COUNT TWO

### Common Law Unfair Competition

19.     Rugged Footwear Company   incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 14 and 15 through 18 above.

20.     Defendants have used the distinctive "Rugged Footwear Company" name without authorization in connection with the offering for sale of their own ostensibly similar "Yukon" footwear product line for the willful and calculated purpose of:  passing off its products as being associated with, affiliated with, successor to, or manufactured by Rugged Footwear Company; trading upon Rugged Footwear Company's goodwill and reputation symbolized by the "Rugged Footwear Company" name; offering Defendant's "Yukon" product line based upon the goodwill of Rugged Footwear Company's product and business reputation; and Defendants have willfully used the "Rugged Footwear Company" name without authorization and in such a manner so as to suggest association or affiliation with, and authorization, sponsorship or approval by Rugged Footwear Company, so as to mislead and deceive the public, cause confusion and mistake among consumers and retailers as to the source or origin of Defendants' "Yukon" product line,  all to Defendants' profit and Rugged Footwear Company's damage and irreparable harm.

21.     Defendants' conduct constitutes unfair competition with Rugged Footwear Company at common law and has damaged and will continue to damage Rugged Footwear Company, its

-7-

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
200 EAST BROWARD BOULEVARD, SUITE 1900, FT. LAUDERDALE, FLORIDA 33301  •  TELEPHONE (954) 462-9500

goodwill and its business reputation. Rugged Footwear has no adequate remedy at law and will continue to be irreparably injured unless and until Defendants' conduct is enjoined by this Court.

## COUNT THREE

### Florida Deceptive and Unfair Trade Practices

22.     Rugged Footwear Company incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 14, 15 through 18, and 19 through 21 above.

23.     Defendants' conduct constitutes deceptive and unfair trade practices, in violation of Florida Statute chapter 501, §501.204, and has caused and will continue to cause irreparable injury to Rugged Footwear Company and to the business reputation and goodwill associated with the "Rugged Footwear Company" name. Rugged Footwear Company has no adequate remedy at law and will continue to be irreparably injured unless and until Defendants' conduct is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of the unlawful conduct of the Defendants as alleged in Counts One through Three of its Complaint, Plaintiff respectfully prays that:

I.     The Court issue a temporary restraining order, a preliminary injunction, and thereafter a permanent injunction enjoining Defendants, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them from:

    (a)     manufacturing, selling, offering for sale, distributing, allowing to be sold, providing, causing to be provided, goods and/or marketing materials utilizing the "Rugged Footwear Company" name in any manner or

-8-

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
200 EAST BROWARD BOULEVARD, SUITE 1900, FT. LAUDERDALE, FLORIDA 33301  •  TELEPHONE (954) 462-9500

form that indicates or insinuates that Defendant's products are in any way associated with, affiliated with, successor to, or manufactured by Rugged Footwear Company, Inc.;

    (b)    otherwise infringing the "Rugged Footwear Company" name or otherwise unfairly competing with, injuring the business reputation of, or damaging or appropriating or capitalizing on the goodwill of Rugged Footwear Company, Inc. in any manner or form.

II.    The Court enter judgment that Defendants have infringed on Rugged Footwear Company's company name in violation of 15 U.S.C. § 1125(a); have engaged in unfair competition with Rugged Footwear Company under common law; and have otherwise injured Rugged Footwear Company by adopting the "Rugged Footwear Company" name and using it in various promotional and marketing materials, such as those complained of herein;

III.    Rugged Footwear Company, Inc. be awarded Defendants' profits derived from the wrongful use of the "Rugged Footwear Company" name and the damages sustained by Rugged Footwear Company, Inc. as a result of the aforesaid actions of Defendants with such amounts to be determined by the trier of fact and to be increased and trebled as provided by law;

IV.    Defendants be required to pay to Rugged Footwear Company, Inc. , punitive damages, in an amount to be determined by the trier of fact, for their willful unauthorized use of the "Rugged Footwear Company" name, deliberately passing off of their goods as manufactured by Rugged

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
200 EAST BROWARD BOULEVARD, SUITE 1900, FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 462-9500

Footwear Company, Inc. and deliberate attempt to trade upon the goodwill associated with the "Rugged Footwear Company" name;

V.      Defendants be required to pay to Rugged Footwear Company  both the costs of this action and reasonable attorneys' fees; and

VI.      Rugged Footwear Company be granted such other and further relief as this Court deems just and proper.

DATED this ⎮⎯8⎯ day of February, 1998

>                STEARNS WEAVER MILLER WEISSLER
>                 ALHADEFF & SITTERSON, P.A.
>                LISA K. BENNETT
>                JOSEPH K. HALL
>                Attorneys for Plaintiffs Rugged Footwear Company
>                200 East Broward Boulevard
>                Suite 1900
>                Fort Lauderdale, Florida 33301
>                Tel: (954) 462-9500
>                Fax: (954) 462-9567
>
>                        and
>
>                KERRY L. EZROL
>                JOSIAS, GOREN, CHEROF, DOODY & EZROL, P.A.
>                3099 E. Commercial Blvd.
>                Suite 200
>                Ft. Lauderdale, FL 33308-4311
>                Tel: (954) 771-4500
>                Florida Bar No: 615900
>
>                By:_____
>                        LISA K. BENNETT
>                        Florida Bar No:  392960

I:\W-LIT\04227\001\v-complaint

## VERIFICATION

STATE OF FLORIDA       )

                         :ss

COUNTY OF BROWARD   )


BEFORE ME, the undersigned personally appeared JONATHAN WERMAN, as President

of The Rugged Footwear Company, Inc., who, being duly sworn deposes and says:

I have read the foregoing Complaint, investigated the facts alleged

therein and to the best of my knowledge, information and belief, the

allegations contained therein are true and correct.


FURTHER AFFIANT SAYETH NAUGHT.

_____

JONATHAN WERMAN


SWORN TO AND SUBSCRIBED before me this _____ day of _____, 1998, personally appeared before me, JONATHAN WERMAN, who is <u>personally known</u> to me or produced _____ as identification and who <u>did</u> or did not take an oath.



LINDA M. STURTEVANT
MY COMMISSION # CC 392991
EXPIRES: July 17, 1998
Bonded Thru Notary Public Underwriters

_____

NOTARY PUBLIC, STATE OF FLORIDA
Print Name:
Commission No.:


My commission expires:

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

PLEASE REFER TO COURT FILE

# CIVIL COVER SHEET

CIV-ZLOCH

98-6172

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

THE RUGGED FOOTWEAR COMPANY, INC.
a Florida corporation,

## DEFENDANTS

GLOBAL SPORTS, INC. and KPR SPORTS INTERNATIONAL, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Broward__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Q-NORTH 6178-ZLOCH/BSS

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
LISA K. BENNETT
STEARNS WEAVER MILLER WEISSLER ALHADEFF
200 E. Broward Blvd., St. 1900, Ft. Lauderdale, FL 33301

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 USC Section 1125(a)

**IVa.** _____ days estimated (for both sides) to try entire case

## V. NATURE OF SUIT
(PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending B | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personnel Property Damage | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

## VI. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding   ☐ 2. Removed From State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Refiled   ☐ 5. Transferred from another district (Specify)   ☐ 6. Multidistrict Litigation   ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A ☐ CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

☐ Check YES only if demanded in complaint:

JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 2/19/98

SIGNATURE OF ATTORNEY OF RECORD _Lisa Bennett_

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. 513140
Date Paid: 02-19-98

Amount: $150.00
M/ifp: _____

S/F I-2
REV. 9/94