UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THE RUGGED FOOTWEAR COMPANY,
INC., a Florida corporation,

CASE NO.: 98-6172-CIV-ZLOCH

        Plaintiffs,

vs.

**MOTION TO VACATE/SET
ASIDE DEFAULT JUDGMENT**

GLOBAL SPORTS, INC., and KPR
SPORTS INTERNATIONAL, INC.,

        Defendants.
_____/

Plaintiff, the Rugged Footwear Company, Inc. ("Rugged"), by and through its undersigned attorneys, hereby files this Motion to Vacate/Set Aside Default Judgment and states:

1.     Rugged filed the complaint in the instant cause on February 19, 1998. Shortly thereafter, the parties engaged in settlement discussions in an effort to resolve their differences amicably.

2.     However, in the course of attempting to negotiate a settlement, Defendants failed to file a responsive pleading to the complaint.

3.     On July 7, 1998, this Court, sua sponte, entered an Order directing Rugged to file a Stipulation of Dismissal or Motion for Default Judgment on or before July 10, 1998. Because the parties had not yet executed a finalized settlement agreement, on July 7, 1998, Rugged filed a Motion for Default Judgment in compliance with the Court's Order. As part of its Motion for Default Judgment, Rugged advised the Court that the parties were currently engaged in settlement discussions and that Rugged anticipated that an executed Stipulation of Settlement would be executed shortly.

4.     On July 14, 1998, the Clerk entered a default with regard to the Defendants in the above-styled cause.

-1-



CASE NO: 98-6172-CIV-ZLOCH

5.     On or about July 16, 1998, settlement discussions were concluded and the parties executed the attached Settlement Agreement. A copy of the Settlement Agreement is attached hereto as Exhibit "A."

WHEREFORE, Plaintiff, the Rugged Footwear Company, Inc., respectfully requests this Court vacate/set aside the Clerk's entry of default dated July 14, 1998, approve and adopt the Settlement Agreement executed between the parties and attached hereto as Exhibit "A," and enter a voluntary dismissal of the above-styled cause.

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Vacate/Set Aside Default Judgment was served by facsimile and United States mail upon counsel for Defendants, David S. Mandel, Esquire, Astor Weiss Kaplan & Rosenblum, LLP, The Bellevue, Sixth Floor, Broad Street at Walnut, Philadelphia, PA 19102, this _20ᵗʰ_ day of July, 1998.

Respectfully submitted,

Lisa K. Bennett
Joseph K. Hall
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Attorneys for Plaintiffs
 Rugged Footwear Company, Inc.
200 East Broward Boulevard, #1900
Fort Lauderdale, Florida 33301
Tel:     (954) 462-9500
Fax:     (954) 462-9567


By:_____
     JOSEPH K. HALL
     Florida Bar No. 0101140

-2-

JUL  9°1 14:25PM   STEARNS & WEAVER ET AL                    NO.654   P.2/7

NITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THE RUGGED FOOTWEAR COMPANY,              CASE NO.: 98-6172-CIV-ZLOCH
INC., a Florida corporation,

          Plaintiffs,

vs.

GLOBAL SPORTS, INC., and                  **SETTLEMENT AGREEMENT**
KPR SPORTS INTERNATIONAL, INC.,

          Defendants.
_____/

THIS SETTLEMENT AGREEMENT (hereinafter called the "Agreement") is made this

__17__ day of __July__, 1998 by and between RUGGED FOOTWEAR COMPANY, INC.

("RUGGED") and GLOBAL SPORTS, INC. ("GLOBAL") and KPR SPORTS INTERNATIONAL,

INC. ("KPR") (RUGGED, GLOBAL and KPR are sometimes collectively referred to herein as the

"Parties:");

WHEREAS, on or about February ___, 1998, RUGGED filed a lawsuit against GLOBAL

and KPR alleging trademark infringement, unfair competition and unfair trade practices in the above

captioned action (the "Action");

WHEREAS, RUGGED filed a Motion for Temporary Restraining and Preliminary Injunction

("Motion") against GLOBAL and KPR in the Action seeking, among other things, to enjoin

GLOBAL and KPR from advertising its Yukon product line as "the new rugged footwear company";

WHEREAS, advertisements appeared in three (3) editions of the trade magazines Sportstyle,

*Sporting Goods Business* and *Outfitter* which referred to the Yukon product line as "the new rugged

footwear company";

-1-



EXHIBIT

"A"

CASE NO.: 98-6172-CIV-ZLOCH

WHEREAS, prior to the hearing on the Motion and prior to the time that GLOBAL and KPR were required to respond to the Motion and answer the Complaint, RUGGED, GLOBAL and KPR decided they were desirous of compromising and settling all claims which have been or could have been asserted in the Action.

NOW THEREFORE, for good and valuable consideration, including the mutual promises, covenants, representations and agreements set forth herein, and intending to be legally bound, the Parties hereby agree as follows:

1.     The foregoing preambles are hereby incorporated herein by reference and are made a part hereof as if fully set forth herein.

2.     GLOBAL and KPR each agree that it will cease all use of "the new rugged footwear company" in connection with Yukon, or any other product line of GLOBAL and KPR, including their related companies and/or subsidiaries, in any advertising or promotional materials.

3.     KPR shall advertise~~its~~ *or has advertised* its Yukon line in three (3) consecutive editions of *Sportstyle, Sporting Goods Business* and *Outfitter*, and said advertisements shall contain the following corrective language:

> In prior ads, we referred to YUKON as the new rugged footwear company. YUKON is not affiliated with RUGGED FOOTWEAR COMPANY. We regret any confusion.

Such advertisements shall appear substantially in the form attached hereto as Exhibit "A". Copies of each advertisement in each publication shall be provided by KPR to Rugged within a reasonable period of time after publication. The advertisements appeared in the April, May and June issues of <u>Outfitter</u> and the June and July issues of <u>Sportstyle</u> and *

4.     GLOBAL and KPR, shall sticker all catalogues and other promotional or display material to completely cover up the language "the new rugged footwear company" appearing on such

**the June issue of <u>Sporting Goods Business</u>.. The advertisement will pr: appear in the August issue of <u>Sportstyle</u> and in the July and August issue: of <u>Sporting Goods Business</u>.

CASE NO.: 98-6172-CIV-ZLOCH

materials, should they decide to use such catalogues or materials which have been printed but have not been distributed.

5. KPR shall pay RUGGED $10,000.00 upon execution of this Agreement.

6. RUGGED shall not object to GLOBAL, KPR or any related entity's registration of the phrase "the new rugged outdoor company" as a trademark or trade name.

7. KPR and GLOBAL shall not object to RUGGED's registration of the name "Rugged Footwear Company".

8. RUGGED, KPR and GLOBAL each agree that the Action will be dismissed with prejudice and each party will bear its own costs and attorneys' fees. The Parties shall file the Agreed Order of Dismissal with Prejudice attached hereto as Exhibit "B" simultaneously with the execution of this Settlement Agreement.

9. RUGGED, KPR and GLOBAL each represent and warrant that:

 a. No claim of any kind relating to the subject matter of this Agreement has been assigned or otherwise transferred voluntarily or involuntarily, in any manner.

 b. The individuals executing this Agreement are authorized to execute this Agreement on behalf of the Parties represented, and the Parties represented intend to be bound by the execution thereof.

 c. The Parties acknowledge that no representation or promise of any kind has been made with anyone to induce the execution of this Agreement other than as stated in this Agreement.

 d. Each party is represented by counsel, and has relied solely upon that party's own judgment, belief and knowledge, and the advice of that party's own independently selected

-3-

CASE NO.: 98-6172-CIV-ZLOCH

counsel concerning the nature, extent and duration of that party's rights and claims. No party to this Agreement has been influenced by any representations made by any of the other Parties hereto or by any representative thereof. Further, each party has carefully read this Agreement, knows the contents and executes this Agreement freely without duress.

10.    Each party will execute any other or further necessary documents in connection with this Settlement Agreement in order to complete and fulfill the terms of this Agreement.

11.    This Agreement may be executed in counterparts and each counterpart shall be considered an original.

12.    Except as otherwise expressly provided herein, this Agreement shall be binding upon and inure to the benefit of the successors, legal representatives, assigns, and/or related entities of the Parties.

13.    This Agreement embodies all understandings and agreements between the settling Parties concerning the subject matter hereof and constitutes the full and entire agreement between them. No modification of this Agreement may be made unless it is in writing and executed by both Parties. No waiver of any of the provisions of this Agreement shall constitute or be deemed a waiver of any other provision, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver.

14.    This Agreement shall be construed under the laws of the State of Florida.

15.    In the event any party or parties shall file suit or otherwise seek to enforce the terms of this Agreement, or as a result of the breach of any of the terms or provisions of this Agreement, the party or parties in whose favor judgment shall be rendered shall be entitled to an award of

-4-

CASE NO.: 98-6172-CIV-ZLOCH

reasonable attorneys' fees and costs incurred in connection with such suit and the amount of such

attorneys' fees shall be included as part of the Judgment entered in such cause.

IN WITNESS WHEREOF, the Settling Parties have caused this Settlement Agreement to be executed by their fully authorized representatives as of the day and year first above written.

GLOBAL SPORTS, INC.

Dated: 7/15/98

By: _____
Name: _____
Title: _____

KPR SPORTS INTERNATIONAL, INC.

Dated: 7/15/98

By: _____
Name: _____
Title: _____

RUGGED FOOTWEAR COMPANY, INC.

Dated: 7/16/98

By: _____
Name: _____
Title: _____

APPROVED AND ADOPTED this _____ day of _____, 1998, by:

_____
WILLIAM J. ZLOCH
UNITED STATES DISTRICT JUDGE

I:\W-LIT\0422\001\SETTLEMENT.AGR

-5-